UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENNETH D. PHELON,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>JEREMY D. HAMMAN, et al.,<br><br>　　　　Defendants. | Case No: C 09-3393 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY PROCEEDING - ALAMEDA COUNTY SUPERIOR COURT DOCKET # 542408**<br><br>[Docket Nos. 33, 34] |

Presently before the Court is *pro se* Plaintiff Kenneth D. Phelon's ("Plaintiff") Motion to Stay Proceeding - Alameda County Superior Court Docket # 542408 ("Motion to Stay") and Motion for Emergency Expedited Ruling on Motion to Stay Proceeding ("Motion for Expedited Ruling"). Plaintiff seeks to have this Court enjoin a criminal misdemeanor proceeding against him in Alameda County Superior Court alleging, *inter alia*, prosecutorial misconduct and that defendants in the instant civil rights action have kidnapped, intimidated and harassed witnesses for Plaintiff in the state action. Since the relief Plaintiff seeks in his Motion to Stay is in his Complaint, the Court liberally construes Plaintiff's Motion to Stay as a motion for preliminary injunction. For the reasons discussed below, the Court DENIES Plaintiff's Motion to Stay and Motion for Expedited Ruling.

**I.　BACKGROUND**

On July 23, 2009, Plaintiff filed the instant action alleging that members of the Oakland Police Department and the Alameda County Sheriff's Office, *inter alia*, conspired to charge him with attempted rape, kidnapping and assault. On September 23, 2009, defendants Jeremy Hamman, Jim Garrigan, Alameda County's Sheriff's Office and County of Alameda ("County

Defendants") filed a Motion to Dismiss Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Docket No. 12.) On December 1, 2009, Plaintiff filed a Motion for Leave to Amend Complaint to Add Plaintiff, specifically, Jolicia Kelley ("Kelley"). (Docket No. 26.) Plaintiff alleges that Kelley was kidnapped by defendants in this action as part of a conspiracy against him, but had previously been too scared to come forward. (*Id.*) On January 8, 2010, County Defendants filed a Statement of Non-Opposition to Plaintiff's Motion for Leave to Amend Complaint to Add Plaintiff, in which they recognized Plaintiff's right to amend his complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1). (Docket No. 28.)

On January 11, 2010, the Court granted Plaintiff's Motion for Leave to Amend Complaint to Add Plaintiff and ordered Plaintiff to amend his complaint to plead Kelley into the case within fourteen days. The Court also ordered defendants to respond to Plaintiff's amended complaint within thirty days of Plaintiff's filing. Plaintiff failed to file an amended complaint within fourteen days as ordered by the Court. On February 22, 2010, Plaintiff filed the instant Motion to Stay. On February 25, 2010, Plaintiff filed the instant Motion for Expedited Ruling.

## II.   LEGAL STANDARD

To obtain preliminary injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., ---U.S. ---, 129 S.Ct. 365, 376 (2008); Am. Trucking Ass'ns Inc. v. City of Los. Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009) (holding that "[t]o the extent that our cases have suggested a lesser standard, they are no longer controlling, or even viable"). Preliminary injunctive relief is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." Mazurek v. Armstrong, 520 U.S. 968, 972 (1997) (citation and internal quotations omitted).

**III. DISCUSSION**

Plaintiff alleges that defendants' prosecution of him in state court constitutes a violation of his civil rights under 42 U.S.C. § 1983. As relief, Plaintiff seeks, *inter alia*, an injunction staying further state court proceedings. A federal court may intrude into a pending state proceeding "when absolutely necessary for protection of constitutional rights," but only under "extraordinary circumstances, where the danger of irreparable loss is both great and immediate." Younger v. Harris, 401 U.S. 37, 45 (1971). Younger and its progeny are based on the interests of comity and federalism that counsel federal courts to maintain respect for state functions and not unduly interfere with the state's good faith efforts to enforce its own laws in its own courts. Middlesex County Ethics Committee v. Garden State Bar Assoc., 457 U.S. 423, 431 (1982); San Jose Silicon Valley Chamber of Commerce Political Action Comm., 546 F.3d 1087, 1091 (9th Cir. 2008). A federal court must abstain from interfering with a state court action under Younger "if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that Younger disapproves." Id.[1]

In the instant case, each of the four prongs required for application of Younger are satisfied. First, as Plaintiff readily acknowledges, the state court proceedings are ongoing.

Second, the proceeding involves the enforcement of state criminal laws, which necessarily implicates important state interests. See Engle v. Issac, 456 U.S. 107, 128 (1982) ("Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.").

Third, Plaintiff has not met his burden of showing that he is barred from raising his federal claims in the state court action. Lebbos v. Judges of Superior Court, 883 F.2d 810, 815 (9th Cir.

---

[1] Federal courts may raise the issue of Younger abstention *sua sponte*. Martinez v. Newport Beach City, 125 F.3d 777, 781, n.3 (9th Cir. 1997), overruled on other grounds by Green v. City of Tuscon, 255 F.3d 1086 (9th Cir. 2001).

1989).  For <u>Younger</u> abstention to apply, a party "need be accorded only an opportunity to fairly pursue [his] constitutional claims in the ongoing state proceedings." <u>Juidice v. Vail</u>, 430 U.S. 327, 337 (1977).  "[I]n the absence of unambiguous authority to the contrary," there is a presumption that state courts provide an adequate forum for the adjudication of federal claims. <u>Pennzoil Co. v. Texaco, Inc.</u>, 481 U.S. 1, 14 (1987).  Plaintiff clearly states in his Motion to Stay that he "noticed the trial court about" his allegations regarding prosecutorial misconduct in his Demurrer, but that his "Demurrer was heard and overruled in October of 2009." (Mot. to Stay at 2.)  Furthermore, that he informed the state trial court regarding his allegations pertaining to the actions of the defendants in the instant action, but that the trial court has not taken any action.  Plaintiff has thus been afforded an opportunity raise his claims in state court.  To the extent that Plaintiff disagrees with the decisions of the state court, he can appeal the state court's decisions. State courts routinely consider federal constitutional issues at trial and as part of the criminal appellate process. <u>See</u>, <u>e.g.</u>, <u>People v. Navarro</u>, 138 Cal.App.4th 146, 156-61 (2006) (considering claim that sheriff had used privileged information in violation of right to counsel and attorney-client privilege).

     Finally, enjoining the state court action would interfere with the state proceeding in a way that <u>Younger</u> disapproves.  "If  a state-initiated proceeding is ongoing, and if it implicates important state interests… , and if the federal litigant is not barred from litigating federal constitutional issues in that proceeding, then a federal court action that would enjoin the proceeding… would interfere in a way that <u>Younger</u> disapproves." <u>Gilbertson v. Albright</u>, 381 F.3d 965, 978 (9th Cir. 2004).

     In sum, under the <u>Younger</u> doctrine, the injunctive relief sought by Plaintiff in his Complaint, i.e., a stay of the state court proceedings, is not available.

     Thus, the four elements of determining the applicability of <u>Younger</u> abstention are satisfied in this case.  Because it appears that Plaintiff's complaint will have to be dismissed pursuant to the <u>Younger</u> abstention doctrine, at least insofar as his request for injunctive relief is concerned, Plaintiff has failed to show a likelihood of success on the merits of its claims. Accordingly, his Motion for Stay must be denied.

In the instant action, the Court shall afford Plaintiff a final opportunity to file a First Amended Complaint. Should Plaintiff fail to file a First Amended Complaint, his original complaint will be deemed the operative complaint in this action and Plaintiff shall be ordered to file a response to County Defendant's Motion to Dismiss Complaint.

Accordingly,

IT IS HEREBY ORDERED THAT:

(1) Plaintiff shall have until March 31, 2010, to file a First Amended Complaint.

(2) Defendants shall respond within 30 days of Plaintiff filing his First Amended Complaint.

(3) Plaintiff's Motion to Stay is DENIED.

(4) Plaintiff's Motion for Expedited Ruling is DENIED.

IT IS SO ORDERED.

Dated: March 23, 2010

                                                SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEN PHELON,

       Plaintiff,

 v.

JEREMY D. HAMMAN et al,

       Defendant.
_____/

Case Number: CV09-03393 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 25, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth D. Phelon
2932 - 55th Avenue
Oakland, CA 94605

Dated: March 25, 2010

                                      Richard W. Wieking, Clerk

                                      By: LISA R CLARK, Deputy Clerk