UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENNETH PHELON,<br><br>    Plaintiff,<br><br>vs.<br><br>JERRY HAMMON, et al.,<br><br>    Defendants. | Case No: C 09-3393 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO STAY**<br><br>Docket 38 |

On July 23, 2009, Plaintiff Kenneth Phelon filed a pro se complaint against various Oakland police officers and other individuals and entities pursuant to 42 U.S.C. § 1983 claiming that his civil rights were violated in connection with an ongoing state court criminal misdemeanor proceeding. Plaintiff previously filed a motion to stay the state court proceeding, which the Court denied on March 23, 2010. (Docket 37.) Plaintiff has now filed a motion to stay the instant proceeding pending his release from state custody. He claims that a stay is necessary due to difficulties he is experiencing in preparing his case while in jail. Plaintiff does not indicate the date he expects to be released. Defendants have not responded to the motion.

A district court is vested with the discretion to stay an action based on its inherent power to control its own docket. Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending

resolution of independent proceedings which bear upon the case." Id. In considering a stay request, the Court generally is to consider the following:

> (1) the interest of the plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

Keating v. Office of Thrift Supervision, 45 F.3d 322, 324 -325 (9th Cir. 1995).

Undoubtedly, Plaintiff's custodial status renders it more difficult for him to prepare his case than if he were not in custody. At the same time, however, the Court must balance competing concerns, such as the possible burden that a stay would impose upon the defendants or its possible impact on the administration of justice. Here, Plaintiff has made no showing as to the length of time he anticipates that he will remain in jail before he is released. Nor does he disclose the status of the pending charges or the circumstances that may affect his release date. Absent that information, the Court is unable to make an informed decision, utilizing the factors set forth above, as to whether a temporary stay is appropriate under the circumstances.[1]
Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Stay Proceeding Pending Plaintiff's Release from Custody is DENIED without prejudice to renewing his motion to rectify the deficiencies noted above. This Order terminates Docket 38.

---

[1] Plaintiff may consider contacting counsel for Defendants to determine whether they are willing to stipulate to the dismissal of the instant action without prejudice, such that he would be able to re-file this action upon his release from custody, without adverse consequences. Defendants City of Oakland, Oakland Police Department and Ross Tisdell are represented by attorneys Geoffrey Beatty and Yvette Davis, who can be contacted at: Rankin, Sproat, Mires, Beatty & Reynolds, 1970 Broadway, Suite1150, Oakland, California 94612 (telephone: 510-465-3922). The Alameda County defendants are represented by Richard Winnie and Farand Kan, who can be contacted at: Office of County Counsel, County of Alameda, 1221 Oak Street, Suite 450, Oakland, California 94612 (telephone: 510-272-6700). <u>Defendants should be aware that in the event Plaintiff attempts to contact them to meet and confer regarding this or any other matter, they are obligated to make a good faith effort to resolve their dispute prior to seeking judicial intervention. The obligation to meet and confer applies likewise to Plaintiff.</u>

| | |
|---|---|
| 1 | IT IS SO ORDERED. |
| 2 | Dated: June 3, 2010 |

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEN PHELON,

       Plaintiff,

 v.

JEREMY D. HAMMAN et al,

       Defendant.
                                                   /

                                                Case Number: CV09-03393 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 3, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth D. Phelon
2932 - 55th Avenue
Oakland, CA 94605

Dated: June 3, 2010

                                      Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk