UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENNETH PHELON,<br><br>    Plaintiff,<br><br>vs.<br><br>JEREMY HAMMAN, et al.,<br><br>    Defendants. | Case No: C 09-3393 SBA<br><br>**ORDER**<br><br>[Docket No. 49] |

On July 2, 2010, Plaintiff filed a Motion to Stay Proceedings Pending Plaintiff's Release from Custody. (Docket No. 41.) Subsequently, on August 25, 2010, Plaintiff filed a Notice of Withdrawal of his motion for stay, stating that he "is prepared to proceed with the matter," and asking that the Court allow him to "amend his complaint or proceed on the operative original Complaint," or, in the alternative, that the Court reschedule the hearing on Defendants' Motion to Dismiss Complaint under Federal Rule of Civil Procedure 12(b)(6), which Defendants filed on September 23, 2009. (Docket No. 49.)

By way of background, on July 23, 2009, Plaintiff filed a *pro se* complaint against various Oakland police officers and other individuals and entities pursuant to 42 U.S.C. § 1983 claiming that his civil rights were violated in connection with an ongoing state court criminal misdemeanor proceeding. On September 23, 2009, Defendants filed their motion to dismiss. Defendants filed a reply brief in support of that motion on November 17, 2009, which appears to respond to opposing arguments by Plaintiff, but Plaintiff did not file any opposition brief

| | |
|---|---|
| 1 | with this Court.[1]  On December 1, 2009, Plaintiff filed a Motion for Leave to Amend the |
| 2 | Complaint to Add Plaintiff, specifically, to add as a plaintiff Jolicia Kelley.  On January 8, |
| 3 | 2010, Defendants filed a Statement of Non-Opposition to Plaintiff's motion for leave to amend. |
| 4 | On January 11, 2010, this Court granted Plaintiff's motion for leave to amend, and ordered |
| 5 | Plaintiff to file his amended complaint by January 25, 2010.  (Docket No. 31.) |
| 6 |      On February 22, 2010, Plaintiff filed a motion to stay the state court proceeding, which |
| 7 | the Court denied on March 23, 2010.  (Docket 37.)  In that March 23, 2010 Order, the Court |
| 8 | also ordered Plaintiff to file his amended complaint, which he had not yet filed, by March 31, |
| 9 | 2010. |
| 10 |      On April 8, 2010, Plaintiff filed a motion to stay the instant proceeding pending his |
| 11 | release from state custody.  (Docket No. 38.)  On June 3, 2010, this Court denied, without |
| 12 | prejudice, Plaintiff's motion to stay the instant proceeding because Plaintiff had not indicated |
| 13 | when he expected to be released from custody, and he had failed to disclose the status of the |
| 14 | pending charges or the circumstances that may affect his release date.  (Docket No. 40.)  As |
| 15 | explained by the Court, absent that information, the Court was unable to make an informed |
| 16 | decision as to whether a temporary stay is appropriate under the circumstances.  (Id.)  The |
| 17 | Court stated that Plaintiff could renew his motion to rectify the deficiencies noted above.  (Id.) |
| 18 | As indicated, on July 2, 2010, Plaintiff filed another Motion to Stay Proceedings Pending |
| 19 | Plaintiff's Release from Custody, which he has now withdrawn. |
| 20 |      This Court notes that it has been over seven months since Plaintiff was initially required |
| 21 | to file his amended complaint, yet he has failed to do so.  Accordingly, |
| 22 |      IT IS HEREBY ORDERED THAT: |
| 23 |      <u>By no later than September 13, 2010, Plaintiff shall file either his first amended |
| 24 | complaint or his opposition to Defendants' Motion to Dismiss Complaint under Federal Rule of |
| 25 | Civil Procedure 12(b)(6)</u>.  Plaintiff is advised that, should he fail to file either his first amended |
| 26 | complaint or his opposition to Defendants' Motion to Dismiss by that deadline, the Court will |

---

[1] In his Notice of Withdrawal, Plaintiff represents that he submitted an opposition to Defendants' motion to dismiss.  But again, his opposition was never filed with this Court.

dismiss this action without further notice pursuant to Federal Rule of Civil Procedure 41(b). If Plaintiff files an opposition to Defendants' Motion to Dismiss, the Court will adjudicate the motion on the merits. Should Plaintiff instead file an amended complaint, the Court will deny, without prejudice, Defendants' Motion to Dismiss as moot. Defendants can then renew their Motion to Dismiss if appropriate in view of the allegations in the amended complaint.

IT IS SO ORDERED.

Dated: 9/3/10

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge