UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| KENNETH PHELON,<br><br>          Plaintiff,<br><br>     vs.<br><br>JEREMY HAMMAN, et al.,<br><br>          Defendants. | Case No: C 09-3393 SBA<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>(Docket No. 50.) |

Plaintiff requests the appointment of counsel to represent him in this action.

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  See Lassiter v. Dep't of Soc. Servs., 452 U.S. 18, 25 (1981); Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), withdrawn in part on other grounds on reh'g en banc, 154 F.3d 952 (9th Cir. 1998) (en banc).  The court may ask counsel to represent an indigent litigant under 28 U.S.C. § 1915 only in "exceptional circumstances," the determination of which requires an evaluation of both (1) the likelihood of success on the merits, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  See id. at 1525; Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).  Both of these factors must be viewed together before reaching a decision on a request for counsel under § 1915.  See id.

The Court is unable to assess at this time whether exceptional circumstances exist which would warrant seeking volunteer counsel to accept a pro bono appointment.  The proceedings

1  are at an early stage and it is premature for the Court to determine Plaintiff's likelihood of
2  success on the merits.  Moreover, Plaintiff has been able to articulate his claims adequately pro
3  se in light of the complexity of the issues involved.  See Agyeman v. Corrs. Corp. of Am., 390
4  F.3d 1101, 1103 (9th Cir. 2004).  Accordingly, the request for appointment of counsel at this
5  time is DENIED.  The Court will consider appointment of counsel later in the proceedings,
6  after the Court has a better understanding of the procedural and substantive matters at issue.
7  Therefore, Plaintiff may file a renewed motion for the appointment of counsel if and when
8  Defendants' dispositive motion has been filed directed to Plaintiff's anticipated filing of a first
9  amended complaint.  If the Court decides that appointment of counsel is warranted at that time,
10 it will seek volunteer counsel to agree to represent Plaintiff pro bono.
11        This Order terminates Docket No. 50.
12        IT IS SO ORDERED.
13 Dated: September 14, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KEN PHELON,

       Plaintiff,

  v.

JEREMY D. HAMMAN et al,

       Defendant.
_____/

Case Number: CV09-03393 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 15, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth D. Phelon
2932 - 55th Avenue
Oakland, CA 94605

Dated: September 15, 2010

                         Richard W. Wieking, Clerk

                              By: LISA R CLARK, Deputy Clerk