1
2
3
4
5

UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

OAKLAND DIVISION

8

| | |
|---|---|
| KENNETH PHELON, et al., | Case No: C 09-03393 SBA |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS** |
| vs. | |
| JEREMY D. HAMMAN, et al., | Docket 62, 63 and 67 |
| Defendant. | |

9
10
11
12
13
14

15        The parties are presently before the Court on various motions to dismiss filed by

16 three groups of Defendants: (1) County of Alameda, Alameda County Sheriff's Office and

17 Deputies Jeremy Hammon and James Garrigan (collectively "County Defendants"), Dkt.

18 62; (2) City of Oakland Police Department and Officer Ross Tisdell, Dkt. 63; and

19 (3) Alameda County District Attorney's Office, District Attorneys Thomas Orloff (former)

20 and Nancy O'Malley (current) and Deputy District Attorney Charles Wilson, Dkt. 67.  All

21 three motions are properly noticed for hearing on January 25, 2011.  No oppositions or

22 other responses have been filed.  Having read and considered the papers filed in connection

23 with this matter and being fully informed, the Court hereby GRANTS the motions for the

24 reasons set forth below.  The Court, in its discretion, finds this matter suitable for resolution

25 without oral argument.  See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

26 **I.**     **BACKGROUND**

27        On July 23, 2009, Plaintiff Kenneth D. Phelon ("Phelon") filed a pro se complaint

28 against various Oakland police officers and other individuals and entities, pursuant to 42

U.S.C. § 1983, claiming that his civil rights were violated in connection with an ongoing state court criminal misdemeanor proceeding.  On September 23, 2009, County Defendants filed a Rule 12(b)(6) motion to dismiss.  Dkt. 12.  Phelon failed to file an opposition or statement of non-opposition, as required by Civil Local Rule 7-3.  However, on December 1, 2009, Phelon filed a Motion for Leave to Amend the Complaint to Add Plaintiff to join Jolicia Kelley ("Kelley") as a plaintiff.  Dkt. 26.  On January 8, 2010, Defendants filed a statement of non-opposition to Phelon's motion for leave to amend.  Dkt. 28.  Thus, on January 11, 2010, the Court granted Phelon's motion for leave to amend, and ordered Phelon to file his amended complaint by January 25, 2010.  Dkt. 31.

In violation of the Court's Order, Phelon failed to file an amended complaint by the January 25, 2010, deadline.  Instead, on February 22, 2010, Phelon filed a motion to stay the state court criminal proceeding.  On March 23, 2010, the Court denied Phelon's motion to stay and directed him to file his amended complaint by March 31, 2010.  Dkt. 37.

Phelon failed to file his amended complaint by March 31, 2010, as ordered by the Court.  Instead, on April 8, 2010, Phelon filed a motion to stay the instant action pending his release from state custody.  Dkt. 38.  On June 3, 2010, this Court denied Phelon's motion without prejudice.  Dkt. 40.  In its ruling, the Court explained that Phelon had failed to indicate when he expected to be released from custody, and failed to disclose the status of the pending charges or the circumstances that may affect his release date.  Id.  The Court explained that absent such information, it was unable to make an informed decision as to whether a temporary stay was warranted.  Id.  The Court indicated that Phelon could renew his motion in order to rectify these deficiencies.

On July 2, 2010, Phelon renewed his motion to stay, but later withdrew the motion on August 25, 2010.  Dkt. 49.  He did not, however, file an amended complaint.  Thus, on September 3, 2010, the Court issued an Order in which it noted that Phelon had not filed an amended complaint, notwithstanding the fact that *more than seven months* had passed since his initial filing deadline.  The Court therefore ordered that by no later than September 13, 2010, Phelon was either to file an amended complaint or an opposition to County

Defendants' motion to dismiss, which had been filed in September 2009.  Dkt. 52.  The Court warned Phelon that the failure to comply with its instructions would constitute grounds for dismissal of the action without further notice, in accordance with Federal Rule of Civil Procedure 41(b).  Id. at 3.  On September 10, 2010, Phelon filed a request to extend his filing deadline from September 13 to September 23, 2010.  Dkt. 54.  The Court granted Phelon's request.  Dkt. 55.  Phelon and Kelley filed a First Amended Complaint on September 23, 2010.  Dkt. 56.

On October 25, 2010, and December 14, 2010, Defendants respectively filed three Rule 12(b)(6) motions to dismiss the First Amended Complaint, which they noticed for hearing on January 25, 2011.  Under Civil Local Rule 7-3, any response to a noticed motion is due no later than twenty-one prior to the hearing date.  As such, Plaintiffs' oppositions or statements of non-opposition were due by January 4, 2011.  Although the response deadline has since passed, the Court has not received any responses to the motions.

## II.    LEGAL STANDARD

"Pursuant to Federal Rule of Civil Procedure 41(b), the district court may dismiss an action for failure to comply with any order of the court."  Ferdik v. Bonzelet  963 F.2d 1258, 1260 (9th Cir. 1992).  The failure to file an opposition to a motion in violation of a Local Rule constitutes grounds for dismissal of the action under Rule 41(b).  Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."   Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002).

## III.    DISCUSSION

With regard to the first factor, "[t]he public's interest in expeditious resolution of litigation always favors dismissal."  Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

The second factor also militates in favor of dismissal.  Plaintiffs' failure to oppose Defendants' motions to dismiss, along with their repeated failures to comply with the Orders of this Court, has unnecessarily delayed resolution of the action.  See Pagtalunan, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants"); Yourish, 191 F.3d 983, 990 (9th Cir. 1999) (recognizing court's need to control its own docket); see also Ferdik, 963 F.2d at 1261 (non-compliance with a court's order diverts "valuable time that [the court] could have devoted to other major and serious criminal and civil cases on its docket.").

The third factor, the risk of prejudice to the defendant, generally requires that "a defendant … establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Pagtalunan, 291 F.3d at 642.  At the same time, however, the Ninth Circuit has "related the risk of prejudice to the plaintiff's reason for defaulting."  Id.  Here, Plaintiffs have offered no explanation for their failure to respond nor is any apparent from the record.  These facts weigh strongly in favor of dismissal.  See Yourish, 191 F.3d at 991; Ghazali, 46 F.3d. at 54.

As to the fourth factor, the Court has already considered less drastic alternatives to dismissal.  The Court's Standing Orders warn that "[t]he failure of an opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion."  See Dkt. 2-1.  "[A] district court's warning to a party that failure to obey the court's order will result in dismissal can satisfy the 'consideration of [less drastic alternatives]' requirement."  Ferdik, 963 F.2d at 1262.  In addition, as set forth above, the Court previously considered less drastic alternatives by extending Phelon's deadline to file his amended complaint on numerous occasions instead of simply dismissing the action for failure to comply with a Court Order.

The final factor, which favors disposition of cases on the merits, by definition, weighs against dismissal.  Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

In sum, the Court concludes that four of the five relevant factors weigh strongly in favor of granting Defendants' unopposed motions.  Id. (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal).  Accordingly,

IT IS HEREBY ORDERED THAT Defendants' unopposed motions to dismiss are GRANTED.  The Amended Complaint and the claims alleged therein are DISMISSED WITH PREJUDICE.  Judgment shall be entered in favor of Defendants.  The Clerk shall close the file and terminate all pending matters and deadlines.

IT IS SO ORDERED.

Dated:  January 18, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA


KEN PHELON,

         Plaintiff,

  v.

JEREMY D. HAMMAN et al,

         Defendant.
_____/

                                     Case Number: CV09-03393 SBA

                                 **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Kenneth D. Phelon
2932 - 55th Avenue
Oakland, CA 94605


Dated: January 18, 2011

                               Richard W. Wieking, Clerk

                               By: LISA R CLARK, Deputy Clerk